UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

FLOYD J. COSAVAGE, JR.,                    )        CASE NO. 5:26 CV 104
                                           )
            Plaintiff,                     )        JUDGE JOHN R. ADAMS
                                           )
     v.                                    )
                                           )        MEMORANDUM OF OPINION
CITY OF CANTON, *et al.*,                  )        AND ORDER
                                           )
                                           )
            Defendants.                    )

**Background**

*Pro se* Plaintiff Floyd J. Cosavage, Jr., residing in Michigan, has filed an *in forma pauperis* civil rights complaint pursuant to 42 U.S.C. § 1983 against the City of Canton, the Canton Municipal Court Clerk and City Prosecutor, Stark County, the Stark County Sheriff and "John Doe" Sheriff's Deputies, and the Clerk of Ohio's Fifth District Court of Appeals. (Doc. No. 1.)

Although his complaint is not entirely clear, he contends his rights were violated in various ways in connection with his arrest, detention, and conviction in state criminal proceedings against him in Ohio.  He was convicted in the Stark County Court of Common Pleas pursuant to a guilty plea of failure to comply with the order or signal of a police officer. *State of Ohio v. Cosavage*, No. 2021 CR 2758 (Stark Cty Comm. Pl. Ct. Apr. 22, 2022).  The docket indicates he pled guilty to the charge and on August 22, 2022, he was sentenced to eighteen months in prison. The Common Pleas Court issued a warrant to convey on April 22, 2022.  Plaintiff did not appear as scheduled, and the Court issued a capias on May 3, 2022.  The capias was served on August 2, 2023.  After Plaintiff was arrested and detained, he attempted to withdraw his guilty plea on August 9, 2023.  The trial court denied that motion.  Petitioner filed a direct appeal of his conviction on October 6, 2023. *State of Ohio v. Cosavage*, No. 2023CA00130 (Ohio App. 5 Dist. Dec. 6, 2023).  The appeal was dismissed for failure to prosecute.

1

In his complaint, Plaintiff contends he was denied access to the courts, suffered due process violations, and was unlawfully and "over" detained in the state criminal proceedings, and he asks the Court to declare "Defendants'" actions in connection with the state proceedings unconstitutional, enter injunctive relief "prohibiting similar practices," and award him damages.   (Doc. No. 1 at 2, ¶VI.)

Plaintiff's application to proceed *in forma pauperis* in the case (Doc. No 6) is granted.

### Standard of Review and Discussion

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  That statute expressly requires district courts to screen all *in forma pauperis* actions filed in federal court, and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  To survive a dismissal for failure to state claim , a *pro se* complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 471 (holding that the dismissal standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), govern dismissals for failure to state a claim under 28 U.S.C. § 1983 if ).

Upon review, the Court finds that Plaintiff's complaint must be dismissed in accordance with § 1915(e)(2)(B).

Plaintiff's his claims are not cognizable under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held that to recover damages for an allegedly unconstitutional conviction or sentence, or for other harm caused by actions whose alleged unlawfulness would render a state conviction or sentence invalid, a plaintiff must first show that the underlying conviction or sentence has been reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus.  *Id.*. at 486–87.  Under *Heck*, an individual has no cognizable damages claim under § 1983 if a judgment on the merits of

his claim would imply the invalidity of his conviction or sentence unless he shows that his conviction or sentence has already been set aside in one of the ways articulated in *Heck*.  *See id*.; *Edwards v. Balisok*, 520 U.S. 641, 646 (1997).  *Heck* also applies to § 1983 claims for injunctive and declaratory relief.  *See Edwards*, 520 U.S. at 646–48 (claims for declaratory relief subject to *Heck*); *Wilson v. Kinkela*, 145 F.3d 1335, 1998 WL 246401, at *1 (6th Cir. 1998) (table) (*Heck* applicable to actions for declaratory and injunctive relief).

Here, Plaintiff's claims that he was unlawfully arrested, detained, and/or convicted on charges in Ohio necessarily imply the invalidity of a state conviction or sentence.  But he has not alleged or suggested in his complaint that any state conviction or sentence imposed on him has been set aside or invalidated in any of the ways articulated in *Heck*.[1]  Therefore, he alleges no civil rights claim cognizable under § 1983.  *See Edwards*, 520 U.S. at 646; *Heck*, 512 U.S. at 486–87; *see also Clements v. Brimfield Twp*., No. 1:12-cv-1180, 2012 WL 5507305 (N.D. Ohio Nov. 14, 2012) (finding that a plaintiff's false arrest claims would call into question the validity of his conviction and are barred by *Heck*).

Further, Plaintiff's complaint fails to allege a plausible access-to-the-courts claim.  To state a claim for denial of access to the courts, a plaintiff must demonstrate that he suffered "actual injury" as a result of particular actions of a defendant with respect to his access to legal resources.  *Lewis v. Casey*, 518 U.S. 343, 348-51 (1996).  That is, he must plead and demonstrate that his lack of access to legal resources actually hindered his efforts to pursue or caused the rejection of a non-frivolous legal claim. *See id.* at 351–53; *see also Clark v. Corr. Corp. of Am.*, 113 F. App'x 65, 68 (6th Cir. 2004) (affirming a district court's *sua sponte* dismissal of a prisoner's claim of denial of access to the courts where the prisoner "offered no factual allegation suggesting that defendants prevented him from presenting a non-frivolous legal claim"); *Pilgrim v. Littlefield*, 92 F.3d 413, 416

---

[1]In fact, a petition he filed in federal court for habeas corpus relief under 28 U.S.C. § 2254 was denied on the merits.  *See Cosavage v. Chief Ohio Adult Parole Authority*, No. 5: 26 CV 31, 2026 WL 896135 (N.D.Ohio Mar. 24, 2026).

(6th Cir. 1996) (explaining that a prisoner must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim").

Plaintiff merely alleges in purely conclusory terms that he "suffered actual injury, including loss of appellate review of non-frivolous claims." (Doc. No. 1 at 2, ¶ 36.) This conclusory and speculative allegation falls well short of an allegation of an actual, legally cognizable injury for purposes of an access-to-the-courts claim. *See, e.g., McCurtis v. Wood*, 76 F. Appx 632, 634 (6th Cir. 2003) (affirming dismissal of a plaintiff's access-to-the-courts claim where his allegation of actual prejudice was "purely conclusory" and he failed to allege, among other things, "the exact nature of his frustrated claims").

### Conclusion

Accordingly, for the foregoing reasons, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 /s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

DATED:  April 22, 2026